
# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**FRANCIS JEROME TAISACAN**<br>**BRYAN JOSEPH GUERRERO,**<br><br>Defendants. | CRIMINAL CASE NO. CF0571-25-01<br>CRIMINAL CASE NO. CF0571-25<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on October 29, 2025, for hearing on Defendant Francis Jerome Taisacan's ("Taisacan") Motion to Dismiss for Double Jeopardy Violation ("Motion to Dismiss"), joined by Co-Defendant Bryan Joseph Guerrero ("Guerrero"). Present were Assistant Attorney General Dante CH Harootunian on behalf of the People of Guam ("the Government"), Taisacan with counsel, Deputy Public Defender John P. Morrison, and Guerrero with counsel, Alternate Public Defender Ana Maria C. Gayle. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Taisacan and Guerrero are each charged with (1) Assault on a Peace Officer (As a Third Degree Felony); (2) Felonious Restraint (As a Third Degree Felony); and (3) Obstructing Governmental Functions (As a Misdemeanor). (Indictment, Aug. 22, 2025). These charges stem from allegations that the defendants assaulted Department of Corrections ("DOC") Officer Darick

Santos while housed in Post 18 on or about August 2, 2025. (Decl. of Lucas Wood, Magistrate's Compl., Aug. 13, 2025). The defendants were subsequently severed from each other for trial. *See* Order After Hearing Granting Defendant Taisacan's Motion to Sever, Oct. 1, 2025.

On August 28, 2025, both defendants asserted their right to a speedy trial.

On September 26, 2025, Taisacan filed the instant Motion. On October 1, 2025, Guerrero joined in the Motion.

On October 9, 2025, the Government filed its Opposition.

On October 17, 2025, Taisacan filed his Reply. Guerrero joined in the Reply the same day.[1]

On October 29, 2025, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Defendants move the Court to dismiss this matter because Defendant was previously punished for the specific conduct alleged by the Discipline Hearing Board at the Department of Corrections ("DOC") and are therefore subject to double jeopardy. *See generally,* Taisacan Mot. Dismiss, Sept. 26, 2025. The Government opposes, arguing that the prior disciplinary sanctions imposed by DOC were administrative in nature and do not constitute criminal punishment. *See generally,* Opp'n, Oct. 9, 2025.

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The double jeopardy clause under both the United States Constitution and the Organic Act prohibit successive prosecutions as well as successive punishment for the same crime." *People v. Manila,* 2005 Guam 6 ¶ 11 (citations omitted). "The principles of double jeopardy apply in criminal prosecutions and to the

---

[1] On October 22, 2025, the Government also filed a Reply to Defendant's Reply. The Court notes that motion practice typically only contemplates the filing of the motion, an opposition, and a reply, unless leave of court is granted for any additional filings. *See* Local Rule CR1.1(b)(1); Local Rule CVR 7.1; *see also* Asserted Criminal Trial Scheduling Order, Sept. 3, 2025 (setting forth briefing deadlines for motions, oppositions, and replies). Nonetheless, regardless of the responsive pleadings, the Court still has an obligation to analyze the merits of the defendants' Motion. *See Quitugua v. Flores,* 2004 Guam 19 ¶¶ 27-28.

'rare' case in non-criminal proceedings where the penalties imposed serve a punitive rather than a remedial function." *Turner v. Johnson*, 46 F. Supp. 2d 655, 666 (S.D. Tex. 1999).

"It is well settled that prison disciplinary proceedings do not constitute criminal prosecutions." *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). "Prison disciplinary proceedings take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.* at 660 (quoting *Wolff,* 418 U.S. at 561. "The prison disciplinary process determines whether an inmate has violated the conditions of his incarceration, and it is designed to advance the important remedial goal of maintaining institutional order and security. Criminal prosecutions, on the other hand, are designed to punish those who violate the state's criminal laws." *People v. Jones,* 703 N.E.2d 994, 996 (Ill. App. 1998) (citation omitted). *See also Russo v. New Jersey Dept. of Corrections,* 737 A.2d 183 (N.J. App. Div. 1999) (quoting *United States v. Whitney,* 649 F.2d 296, 297 (5th Cir. 1981)) ("A criminal prosecution is a judicial proceeding that vindicates the community's interests in punishing criminal conduct.").

The incident at DOC that forms the basis for the charges in the instant matter occurred on or about August 2, 2025. A few days later, on August 6, 2025, the DOC Disciplinary Hearing Board ("DHB") held a hearing where both defendants answered to charges of Interfering with a Staff Member in the Performance of Duties, Assault Without Injury, and Interfering with the Taking of Count.[2] Guerrero denied any involvement in the incident. Taisacan entered a no-contest plea and stated that the incident was horseplay. The DHB ruled that the defendants committed the offenses charged and ordered disciplinary segregation for 320 days, with the suspension of all privileges. Taisacan is now housed in Post 5 and is in a "lock-down" status for twenty-three hours of the day and is not allowed to receive any incoming, with the exception of hygiene products.[3]

---

[2] The Court adopts these facts from Defendant Taisacan's Motion to Dismiss. *See* Mot. Dismiss at 2-3.

[3] Defendant Guerrero does not set forth any specific facts relative to his suspension of privileges in his Joinder. Guerrero's Joinder simply states that he "incorporates and adopts by its reference, as if more fully set forth herein,

Defendants first argue that because the conduct alleged in the instant matter is the same conduct adjudicated and punished by the DHB, they cannot be placed in jeopardy and punished again pursuant to *People v. Manila,* 2005 Guam 6. (Taisacan Mot. Dismiss at 3-5). In *Manila,* the Supreme Court of Guam determined that because

> the revocation court had fundamental jurisdiction in the revocation proceeding and generally over the offense of DUI, Manila was placed in jeopardy in being punished and serving his punishment for the second DUI offense. Because the DUI and DUI (B.A.C.) offenses charged in the underlying proceeding are the same offenses as the DUI offense for which Manila was punished during the revocation proceeding, he cannot be further prosecuted for those DUI offenses.

2005 Guam 6 ¶ 36 (citation omitted). The revocation court explicitly stated that it was punishing the defendant for the offenses committed while he was on probation and charged in a separate criminal case. *Id.* at ¶ 17. The Supreme Court held:

> consistent with section 1.30(a), that where a defendant is punished or sentenced in a proceeding over which the trial court lacked jurisdiction over the defendant or the offense, later prosecution for the offense is not barred by the double jeopardy clause. Conversely, if the defendant is punished or sentenced in a proceeding over which the court possessed fundamental jurisdiction, later prosecution for the offense is prohibited under the double jeopardy clause.

*Id.* at ¶ 27.[4]

Here, the DHB is not a court of law. The DHB is tasked with maintaining prison safety, order, and discipline. Its proceedings are not criminal in nature. DOC's disciplinary rules "serve[] to protect the public, inmates, and staff members, and maintain[] order in the facility."

the arguments and authorities contained in Co-Defendant Taisacan's Motion to be adduced at a hearing hereon." (Joinder in Mot. Dismiss, Oct. 1, 2025).

[4] As set forth in *Manila:*

> The jurisdictional exception to the double jeopardy rule has been codified in Guam at least with regard to multiple prosecutions. Title 9 GCA § 1.30 provides: A prosecution is not a bar within the meaning of §§ 1.24, 1.26 and 1.28 under ... the following circumstances: (a) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense tried in that court. The comment to Title 9 GCA § 1.30 further explains that there is no bar to prosecution where the court before which the prior proceeding was held lacks jurisdiction over the defendant or the offense.

2005 Guam 6 ¶ 27 (internal citations and quotation marks omitted).

(Executive Order No. 94-19 (Approval of the Rules and Regulations of the Department of Corrections), Dec. 30, 1994). The trial court does not have jurisdiction over the DHB. The double jeopardy clause "protects only against the imposition of multiple *criminal* punishments for the same offense, and then only when such occurs in successive proceedings." *Hudson v. United States*, 522 U.S. 93, 99 (1997) (internal citations omitted) (emphasis in original).

> While sanctions do have a deterrent effect, that deterrent effect is aimed exclusively at deterring conduct within the prison setting. Neither loss of good-time credits and other special privileges nor placement in a Special Housing Unit extend the period of incarceration originally imposed. The sanctions are aimed exclusively at the terms and conditions of the sentence being served by the inmate. Thus . . . the disciplinary sanctions imposed upon appellants do not constitute criminal punishment triggering double jeopardy protections.

*People v. Vasquez*, 678 N.E.2d 482, 488–89 (N.Y. 1997). Disciplinary sanctions "may affect the type of stay and may alter any good-time credit or privileges earned, but they do not change the original term or sentence imposed. Any punishment resulting from a subsequent criminal prosecution therefore will not result in a second punishment for the same conduct." *Jones*, 703 N.E.2d at 996. Therefore, the Court finds that prison disciplinary proceedings for violations of prison rules do not bar subsequent criminal prosecution for the same conduct and will not grant the Motion on this ground.

Defendants also argue that a second double jeopardy consideration is "when an administrative or civil punishment is so punitive, it should be deemed a criminal penalty for double jeopardy analysis." (Taisacan Mot. Dismiss at 5). As noted earlier, the principles of double jeopardy may apply "to the 'rare' case in non-criminal proceedings where the penalties imposed serve a punitive rather than a remedial function." *Turner*, 46 F.Supp.2d at 666. Defendants argue that the penalties imposed upon them are unduly punitive. (Taisacan Mot. Dismiss at 5-6). "Punitive interests and remedial interests . . . are nowhere so tightly intertwined as in the prison setting, where the government's remedial interest is to maintain order and to prevent violent altercations among a population of criminals." *Turner*, 46 F. Supp. 2d at 667 (citation omitted) (alteration in original). "[T]he mere fact that a sanction imposed by prison

officials has a punitive component does not mean that the sanction constitutes 'punishment' for double jeopardy purposes." *Id.* (citation omitted). Here, although significant, the Court does not find that the DHB sanctions imposed upon the defendants to be so harsh and extreme as to invoke double jeopardy protections. *See, e.g., People v. Hart,* 710 N.E.2d 263, 264 (N.Y. 1999) (finding disciplinary penalty of confinement in Special Housing Unit and loss of privileges for 15 years was manifestly related to the legitimate, noncriminal correctional goals of maintaining safety, discipline and order in the prison and thus not punishment for purposes of double jeopardy); *People v. Williams,* 27 A.D.3d 770 (N.Y. 2006) (finding that while the disciplinary punishment consisting of 10 years in the special housing unit, 10 years' loss of commissary privileges, loss of phone privileges and the ability to receive packages, a restrictive diet for 28 days, full restraints and a loss of one year of good time may be fairly characterized as severe, it was commensurate with defendant's breach of prison rules and regulations and not so harsh and extreme as to require the application of double jeopardy to bar a subsequent criminal prosecution). Therefore, the Court denies the Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the defendants' Motion to Dismiss. Parties shall return for a Status Hearing on November 21, 2025 at 9:30 a.m. The Court will issue an Amended Criminal Trial Scheduling Order with asserted trial dates contemporaneously with this Decision and Order.

**IT IS SO ORDERED** this 19th day of November, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
AG, APO, POSC
Date: 11/19/25 Time: 2:42pm
Antonio G. Cruz
Deputy Clerk, Superior Court of Guam

*People v. Taisacan & Guerrero*
Case No. CF0571-25-01 & CF0571-25
Decision and Order